# United States District Court
## District of Connecticut

Errol I. Dunkley
vs.
John Armstrong, Et-AL

Individual and
Official Capacity

Civil No. 3:01CV2007 (CFD)(WIG)

Date: May 14-2002

## Discovery Motion
## Request For Admissions

The plaintiff, Errol Dunkley, acting in a pro-se capacity request that the defendant property officer Rodwell, answer the following admissions under oath and return it back to the plaintiff within (30) thirty days. In the event the admissions are not responded to or rejected within (30) thirty days, all admissions will be deemed admitted. They are as follows:

1. Admit, on July 23, 2001, you were a property officer at E.C.C.I.E
2. Admit, on July 25, 2001 you inventory Mr. Dunkley's properties.
3. Admit, you denied Mr. Dunkley from receiving his legal property
4. Admit, Mr. Dunkley indicated to you about his (4) civil cases.
5. Admit, Mr. Dunkley indicated to you that he's a pro-se attorney
6. Admit, Mr. Dunkley indicated to you of his court date on 08-01-2001
7. Admit, Mr. Dunkley indicated to you of needed all legal paper work
8. Admit, you refused to give Mr. Dunkley's legal paperwork for cases

9. Admit, A-A-G Melchionne called you about Dunkley's Legal property
10. Admit, A-A-G spoke about Dunkley's Legal property which you refused
11. Admit, you received a phone call from A-A-G office.
12. Admit, A-A-G asked you to make accommodation for Legal propert
13. Admit, A-A-G indicated that it was a court order
14. Admit, Lieutenant Leone spoke to you of the return of Legal propert
15. Admit, Lieutenant Misiazek spoke to you of the return of Legal prop
16. Admit, Lieutenant Beaudry spoke to you of the return of Legal prop
17. Admit, Lieutenant Walker spoke to you of the return of Legal propert
18. Admit, Lieutenant Cassitta spoke to you of the return of Legal propet
19. Admit, you distroyed Mr. Dunkley's prisoner Rights Legal Book
20. Admit, you distroyed Mr. Dunkley's General Statutes Book valum (12)
21. Admit, you distroyed Mr. Dunkley's General Statutes Book valum (13
22. Admit, you distroyed Mr. Dunkley's Self help Litigation manual
23. Admit, you distroyed Mr. Dunkley's Jail house Lawyer's Law hand manua
24. Admit, you distroyed four civil cases which Mr. Dunkley was pro-s
25. Admit, you distroyed case file # 220219
26. Admit, you distroyed case file # SCA-138260
27. Admit, you distroyed case file # 3:98CV1035
28. Admit, you distroyed case file # 39202 G-25JP-F-80
29. Admit, you had two Black inmates working for you at propert
30. Admit, one of your worker washish D.O.C company cars.
31. Admit, you were aware of Mr. Dunkley's stolen property
32. Admit, you were aware of Mr. Dunkley's three Grievance against y
33. Admit, Mr. Dunkley accused you of stealing his property
34. Admit, there were numerous Grievances filed against you.
35. Admit, there were property Grievances filed against you

36. Admit, 2000 through 2002 property grievances were filed against you
37. Admit, Warden Acosta spoke to you about Dunkley's legal paper work
38. Admit, you are no longer working as a property officer
39. Admit. As a result of this complaint you were transferred
40. Admit, you are know stationed at Hartford Correctional Cente
41. Admit, you inventory my property while I were placed in segregatio
42. Admit. $117.49 of cosmetic and food were stolen from property
43. Admit, you were questioned about the missing items
44. Admit, Counselor Baker asked you about the missing items
45. Admit, you stated to her "His word against mine".

Errol Dunkley
Radgowski C.I.
982 Norwich New
London Turnpike
Uncasville Ct, 06582
I/M #106002

## Certification

I hereby certify that on this 14th day of May 2002 the following admissions have been sent to the address below.

Neil Parille AAG
110 Sherman Street
Hartford Ct 06105

Errol Dunkley
ERROL DUNKLEY

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERROL DUNKLEY | : PRISONER |
| V. | : CASE NO. 3:01CV2007(CFD)(WIG) |
| COMMISSIONER JOHN ARMSTRONG, PROPERTY OFFICER RODWELL, AND WARDEN REMI ACOSTA | : NOVEMBER 25, 2002 |

### DEFENDANT DEWAYNE RODWELL'S RESPONSE TO THE PLAINTIFF'S MAY 24, 2002 REQUEST FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure, the defendant Lt. DeWayne Rodwell, answers the plaintiff's May 24, 2002 request for admissions as follows:

1. Admitted.

2. Admitted.

3. Denied.

4. Admitted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Admitted.

10. Admitted that AAG Melchionne discussed the plaintiff's property with Lt. Rodwell; denied that Lt. Rodwell refused to turn over such property.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. Admitted.

34. Denied.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Denied.

40. Admitted.

41. Admitted.

42. Denied.

43. Admitted.

44. Admitted.

45. Denied.

DEFENDANT
Property Officer Rodwell

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Neil Parille*
Neil Parille
Assistant Attorney General
Federal Bar No. #Ct.15278
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5593
Neil.Parille@po.state.ct.us

### CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 25th day of November 2002 to:

Errol I. Dunkley, Inmate No. 106002
Radgowski Correctional Institution
982 Norwich-New London Turnpike
Uncasville, CT 06382

*Neil Parille*
Neil Parille
Assistant Attorney General

4

# EXHibits-B

STATEWIDE GRIEVANCE COMMITTEE

Erroll I. Dunkley
    Complainant                                 :

vs.                                              :        Grievance Complaint #97-0750

Richard P. Silverstein
    Respondent                                 :

DECISION

      Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1 Court Street, Middletown, Connecticut on December 10, 1998. The hearing addressed the record of the complaint filed on March 17, 1998, and the probable cause determination rendered by a reviewing committee of the Statewide Grievance Committee on August 20, 1998 finding that there existed probable cause that the Respondent violated Rules 1.1 and 1.7(b) of the Rules of Professional Conduct. The reviewing committee's probable cause determination was contrary to the determination of no probable cause filed by the New Haven Judicial District, Geographical Area 6 Grievance Panel on July 13, 1998.

      Notice of the hearing was mailed to the Complainant and to the Respondent on October 21, 1998. At the hearing, the Complainant and the Respondent appeared and testified before this reviewing committee. The reviewing committee also heard the testimony of Mr. Esper Watts.

      This reviewing committee makes the following findings:

      The Respondent represented the Complainant in connection with a criminal proceeding. The Complainant alleged that in connection with the representation, the Respondent accepted money from Esper Watts, a potential witness for the Complainant's defense, to keep Mr. Watts' name out of the Complainant's trial. The Complainant further alleged a conflict of interest in connection with the Respondent's representation of Mr. Watts in unrelated criminal charges. The Complainant claimed that the Respondent failed to provide adequate assistance of counsel. In an answer to the complaint the Respondent denied the Complainant's material allegations.

      At the hearing before this reviewing committee the Complainant reaffirmed the allegation that the Respondent accepted money from Mr. Watts to keep his name out of the Complainant's trial. The Complainant testified that the Respondent called only one witness at trial, despite Complainant's request for additional witnesses.

      Esper Watts testified that the Respondent requested that he retain him to keep Mr. Watts out of the trial. Mr. Watts further testified that the Respondent was representing him concerning other pending criminal matters.



Grievance Complaint #97-0750
Decision
Page 2

     In testimony, the Respondent denied suggesting that Mr. Watts should pay him money to not call him as a witness and to otherwise keep his name out of the Complainant's case.

     This reviewing committee concludes that the Respondent's conduct in representing the Complainant in a criminal matter did not rise to the level of an ethical violation. The record lacks clear and convincing evidence to substantiate a finding of incompetence or a conflict of interest by the Respondent in connection with his representation of the Complainant in a criminal matter. This reviewing committee found the Respondent's denial credible. This reviewing committee, however, criticizes the Respondent for failing to consult with the Complainant and obtain the Complainant's consent with regard to any potential conflict issues. Since we conclude that the Respondent did not violate the Rules of Professional Conduct, we dismiss the complaint.

_____
Attorney Kerry A. Tarpey

_____
Attorney Thomas Cloutier

_____
Mr. Terrence K. Nichols

(4)


Exhibit 10



**State of Connecticut - Superior Court**

**Small Claims Area at New Haven**

**121 Elm Street**

**New Haven, CT 065102062**

Telephone No. (203) 789-7465 - Fax No. (203) 789-6455

138260

July 31, 2001

ERROL L DUNKLEY
1153 EAST ST SOUTH
INMATE # 106002
SUFFIELD, CT  06080

RE: Docket #   SCA-6-138260    DUNKLEY VS. SILVERSTEIN

| | |
|---|---|
| Hearing Date: | **Tuesday, August 21, 2001** |
| Time: | **10:30 AM** |
| Reason for Hearing: | **Trial** |
| Party Name: | **ERROL L DUNKLEY** |

   The above captioned case has been scheduled at the date and time indicated above for a hearing. Failure to appear may result in a judgment against you, a dismissal of your case or a denial of your motion. Please report to Hearing room 8 in the basement. The call of the cases will begin promptly as scheduled.

   If your case is scheduled for a Motion to Open, and the motion is granted, the Court may proceed directly to trial.

   If you need to change your court date (request a continuance) you must contact the other party(s) to see whether they agree to your request. A CLERK will not continue a case unless all parties agree.

   The MAGISTRATE will decide all requests to continue not by agreement. All requests to continue (not by agreement) must be in writing with a copy to all parties. Whenever possible, the request will be reviewed by the MAGISTRATE prior to the hearing date. If the request cannot be reviewed prior to the hearing date it will be decided on the day of the hearing.

   If you have any questions please contact the Small Claims Clerk's Office.

---

If an answer is enclosed and it admits the claim and proposes a schedule of payments that is acceptable to you, check the box below, sign and return to court and send a copy to the defendant. A stipulated judgment will enter and neither party will have to appear on the hearing date above.

☐    I accept the defendant's installment payment schedule and agree with the balance claimed by the defendant. Please enter a stipulated judgment in accordance with the defendant's answer.

Signed _____

**Plaintiff/Plaintiff Attorney**

Notice of Court Hearing
JD-CV-40 H1
Revised 5/2000

## Cops arrest lawyer on drug count

*Continued from Page A1*

Department assigned to the ROCCY unit made the arrest."

Before they could, however, Silverstein, 42, drove off and reportedly tried to destroy the drugs, according to police.

"Subsequently, police did stop him. He was taken into custody and found in possession of several pieces of crack cocaine," Sullivan said.

He faces counts of possession of narcotics, possession within 1,500 feet of a school and interfering with a police officer.

A man who answered the telephone at Silverstein's law office said "no comment" when asked about the charges.

Many who knew Silverstein described him as a dapper attorney with a quick wit.

Silverstein is one of a handful of New Haven defense lawyers who regularly try criminal jury cases in Superior Court in the city.

New Haven attorney William F. Dow III cautioned against jumping to conclusions based on the arrest.

"If we've learned anything from recent history, it is that just because somebody is arrested does not mean they are guilty," Dow said. "That's what the Constitution provides and that's the way I look at charges like these."

He called Silverstein a "well-known, well-recognized" lawyer who "fights fiercely for his clients."

Attorney Hugh F. Keefe, also of New Haven, said he was "very surprised" to hear of the arrest.

"I regard him highly," Keefe said. "He is generally well-respected by lawyers and he has had good success.

"... I just hope that, if there's a problem, it's treated immediately," Keefe added. "I question many times the involvement of the criminal justice system in cases where there is a substance problem."

Silverstein this week has been working on jury selection in Superior Court for the murder trial of his client, Roshawn Green. The trial is expected to start on Monday.

Green, 17, of 685 Congress Ave., is charged in the January 1997 slaying of Noel "Willito" Santiago, 16, near Congress Avenue and White Street.

Santiago was shot once in the head while a passenger in a vehicle driven by his girlfriend, according to court documents.

---

...ounty man of the ...ase see Aniskovich, Page A11

## Attorney arrested in narcotics bust

**By William Kaempffer and JoAnne Viviano**
*Register Staff*

NEW HAVEN — A prominent local defense attorney was arrested Wednesday after being observed by undercover drug agents allegedly buying crack cocaine, police said.

Richard P. Silverstein was arrested in Fair Haven at 4:30 p.m. after he briefly tried to flee, according to police.

Authorities later impounded his Jaguar while he was being processed for drug possession and other charges at police headquarters.

He was released after posting bond. The amount was unavailable late Wednesday.

According to police Capt. Brian Sullivan, narcotics officers with Reclaim Our Cities Connecticut Youth, or ROCCY, were conducting surveillance near the intersection of Ferry and Clay streets in Fair Haven when Silverstein pulled up in his car.

"We were on a surveillance and he was observed buying" drugs, Sullivan said. "Two members of the New Haven Police

*Please see Cops, Page A6*



Exhibit 13


**Connecticut Bar Association**

IN PROCEEDINGS BEFORE THE LEGAL FEE ARBITRATION BOARD
OF THE
CONNECTICUT BAR ASSOCIATION

ADVISORY OPINION

File: 98-31

ERROL DUNLEY 106002
Petitioner

v.

RICHARD SILVERSTEIN
Respondent

REFUND TO DUNKLEY
$2000.00 FROM FEE
PAID TO RESPONDENT

MARCH 17, 1999
(Date of Opinion)

_____
Panel Member's Signature

_____
Panel Member's Signature

_____
Panel Member's Signature

Adv.Opinion

EXHIBIT 8

*For Dunkley file*

**COPY**

June 8, 1999                CONNECTICUT LAW JOURNAL                Page 1C

# NOTICES

### Notice to Members of the Bar of Fairfield County

Take notice that at 10:00 a.m. on Monday, June 14, 1999 at the Fairfield County Courthouse in Bridgeport, there will be a meeting of the members of the Bar of Fairfield County to consider and act upon the report of the Standing Committee on Recommendations for Admission to the Bar regarding the following:

APPLICATION FOR TEMPORARY LICENSE:

  Glenn Todd Garfinkel of South Norwalk, CT
  Bruce Mathew Sabados of New York, NY
  Peter Xavier Dodge of Mineola, NY
  Neil D. Gershon of Stamford, CT
  David B. Hirschhorn of Weston, CT

Copies of the report of the Standing Committee will be available for examination at the office of the undersigned. Further, take notice that the foregoing applications and motions have been claimed for the short calendar to be held on Monday, June 14, 1999 at the Fairfield County Courthouse at 10:00 a.m.

Donald J. Mastrony
*Chief Clerk*

### Notice of Attorney Placed on Inactive Status

In re: Richard Silverstein, attorney at law. Superior Court, Judicial District of New Haven at New Haven, May 24, 1999.

ORDER: Pursuant to Ct. Practice Book Sec. 2-57, it is hereby ordered that Attorney Richard P. Silverstein be placed on inactive status, effective immediately, until further order of the Court.

And that pursuant to Ct. Practice Book Sec. 2-64 it is further ordered that Attorney Arthur Hadden be appointed Trustee to protect the interests of the clients of Attorney Silverstein.

Roland D. Fasano
*Judge*

### Electronic Forms Now Available on EBBS

The Judicial Branch is now making electronic versions of selected Superior Court and Probate Court forms available through the Electronic Bulletin Board Service. These electronic forms have been created using a commercial forms program called JetForm FormFlow and can be used on any IBM compatible personal computer. They offer significant advantages to users because they eliminate the need to store paper copies; the data is stored in a database format which allows for data retrieval; and data entry and form printing is easily done on standard personal computers and


Exhibit 15