# EXHibits-C

---
35
---

**(27) AC21864**
**STATE OF CONNECTICUT**
  Office of the Chief State's Attorney
      v.
**ANTONIO LOZADA**
  Mario Mendela-Gandhi

Defendant-appellant's brief due on or
before June 25, 2001.

---

**(28) AC22049**
**ERROL DUNKLEY**
  Errol Dunkley, pro se
      v.
**COMMISSIONER OF**
**CORRECTION**
  Office of Chief State's Attorney

Petitioner-appellant's preliminary
designation of pleadings and certificate
re: transcript due on or before July 9,
2001.

---

**(29) AC20346**
**JOSEPH MOORE**
  No appearance
      v.
**COMMISSIONER OF**
**CORRECTION**
  Office of the Chief State's Attorney

Petitioner-appellant's brief due on or
before May 29, 2001.

---

**(30) AC21756**
**MITCHELL HENDERSON**
  Adam A. Laben,
    Special Public Defender
  Mitchell Henderson, pro se
      v.
**COMMISSIONER OF**
**CORRECTION**
  Office of the Chief State's Attorney

Petitioner-appellant's court reporter's
acknowledgment form with a revised
estimated date of delivery or a certifi-
cate of completion due on or before
March 30, 2001.

---

*Counsel must identify themselves to the Clerk in Court not
later than 15 minutes before the scheduled time of argument.*

---

(continued)

# STATE OF CONNECTICUT



| | | |
|---|---|---|
| Francis J. Drumm, Jr.<br>Chief Clerk<br>860-757-2200 | **SUPREME COURT**<br>**APPELLATE COURT**<br><br>October 22, 2001 | 231 Capitol Avenue<br>Drawer Z, Station A<br>Hartford, CT 06106 |

Mr. Errol I. Dunkley #106002
Carl Robinson Correctional Institution
285 Shaker Road
P.O. Box 1400
Enfield, CT 06083-1400

Re:    Freedom of Information Request

Dear Mr. Dunkley:

Your 10-18-01 request, a copy of which is attached, is denied.  See General Statutes § 1-200 (1).

Very truly yours,

Francis J. Drumm, Jr.

Encl

---

| Michele T. Angers | Alan M. Gannuscio | Cynthia M. Gworek | Paul S. Hartan | Susan C. Reeve | Carolyn C. Ziogas |
|---|---|---|---|---|---|
| Deputy Chief Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk |
| 860-757-2229 | 860-757-2242 | 860-757-2149 | 860-757-2249 | 860-757-2224 | 860-757-2153 |

TO: Francis J. Drumm. Jr    TITLE: Chief Clerk

ADDRESS: 231 Capitol Ave Drawer Z, Station A, Hartford ct 06106

AGENCY: Appellate court    DATE: 10-18-01

Pursuant to the Freedom of Information Act, 5 USC 552 and the Privacy Act of 1974, 5 USC 552a, and pursuant to the State Freedom of Information Act, C.G.S. 1-15 through 1-21k, I hereby request the following documents and/or copy(ies) thereof:

A.C. 2209

1. Any and all, Document concerning Appeal case # A.C.

2. Any and all, Letter to you from Errol Dunkley

3. Any and all, Stamped and recieved Letter Dated 08-4-01 through 09-27c

4. Any and All, Document from chief state Attorney's office

5. Any and all, recieved complaint by mr. Dunkley About Enfield C.I.

6. Any and all, response by Judge About complaint, Letter from mr. Dunkley concerning the Distruction of Document By property officer Rodwell Enfield C.I

If this request is denied either in whole or in part, please inform me as to the reason(s) why.

If you do not grant this request either by compliance or denial, be informed that the laws of this state mandate that you have four(4) business days in which to respond. Failure to respond will be considered a denial on your part and subject to the Freedom of Information Commissions decisions on such failure and non-compliance.

Also, be aware of the fact that deliberate denial, indifference to this request for production of said requested documents, or alternatively, refusal to inform as to the reasons for denial, could result in a Civil Penalty of a fine up to $1,000.00 for such violation if Civil Penalty is requested by the undersigned requestor of said information.

I will (X) will not ( ) request Civil Penalty if you do not comply hereof.

RESPECTFULLY SUBMITTED:
Errol I. Dunkley #106002
Carl Robinson C.I.
285 Shaker RD
P.O BOX 1400
Enfield ct 06083-1400

I am unable to pay the cost of production and pursuant to statute, I hereby request waiver of production fees.

State of Connecticut, County of Tolland; duly witnessed and/or sworn to before the undersigned Notary on the date of:

DATE: Oct 18th 2001    NOTARY:

R L GRAY
Notary Public, State of Connecticut
My Commission Expires 4-30-2003

# APPELLATE COURT

## STATE OF CONNECTICUT

NO. A.C. 22049

ERROL DUNKLEY

V.

COMMISSIONER OF CORRECTION

September 27, 2001

## DISMISSAL ORDER

PURSUANT TO THE APPELLATE COURT ORDER OF SEPTEMBER 19, 2001 ORDERING THE DISMISSAL OF THE ABOVE-CAPTIONED MATTER UNLESS THE PRELIMINARY DESIGNATION OF PLEADINGS AND CERTIFICATE RE: TRANSCRIPT OF THE PETITIONER-APPELLANT WERE FILED WITH THE APPELLATE COURT ON OR BEFORE SEPTEMBER 26, 2001, AND SINCE THE AFOREMENTIONED DOCUMENTS HAVE NOT BEEN FILED, IT IS HEREBY ORDERED THAT THE ABOVE-CAPTIONED MATTER IS DISMISSED AS OF SEPTEMBER 27, 2001.

BY THE COURT,

ASSISTANT CLERK-APPELLATE

NOTICE SENT: September 27, 2001
ERROL DUNKLEY, PRO SE
OFFICE OF THE CHIEF STATE'S ATTORNEY
JD, DANBURY, CV01 0342948
HON. PATRICK L. CARROLL, III
PAC

er

EXHibits-D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
(203) 579-5861

KEVIN F. ROWE
CLERK

VICTORIA C. MINOR
CHIEF DEPUTY CLERK

CAROL E. CANNADY
DEPUTY IN CHARGE

December 7, 1998
**NOTICE TO PLAINTIFF**

PRISONER

Re:    Case _____DUNKLEY V. ARMSTRONG, ET AL_____ Docket No. 3:98CV1035(AWT)(DFM)

Your application to proceed in forma pauperis has been granted, and your case has now been docketed. Enclosed is a copy of the order directing service be made, a Notice of Availability of Magistrate Judge to Exercise of Jurisdiction and Appeal Option and a Consent to Exercise of Jurisdiction by a United States Magistrate Judge.

In any correspondence concerning your case, you MUST give the caption, docket number and judges' initials, EXACTLY AS SHOWN ABOVE. If the papers lack this information, they will be returned to you without being processed.

Your case has been assigned to Judge___ALVIN W. THOMPSON___ and referred to U.S. Magistrate Judge ___DONNA F. MARTINEZ___ for the purpose of handling all preliminary matters. Should you decide to consent to the U.S. Magistrate Judge's exercise of jurisdiction, your case will be handled by the U.S. Magistrate Judge for all purposes.

**PLEASE NOTE THE FOLLOWING:**

1.    **All original papers should be sent** to 915 Lafayette Blvd., Bridgeport, Connecticut. Your papers must have an original signature on them.

2.    **You must attach a signed certificate of service** to all papers filed with the court, indicating the names and addresses of all persons served [pursuant to Local Rule 7(e)]. Failure to attach this certificate of service will result in your papers being returned, unprocessed.

3.    **If you change your address** at any time during your litigation, you **MUST** notify the court. Failure to do so can result in the dismissal of your case. You must notify the defendant(s) or the defendant's attorney, if appropriate, of your new address. You must give notice of a new address **even if you are incarcerated**. You should write **"PLEASE NOTE MY NEW ADDRESS."** It is not enough to just put the new address on your letter without indicating that it is a new address. If you have more than one pending case, indicate the case numbers in your notification of change of address.

4.    **If you have inquiries** regarding the status of your case, you should make them in writing to the Bridgeport office. We do **NOT** accept collect telephone calls.

FOR THE COURT
KEVIN F. ROWE, CLERK

## STATEMENT OF FACTS

This statement of fact is given under the penalty of prejury:

By Errol Dunkley.

On 12/3/97, at approximately 8:45 am, I Errol Dunkley was in the Whalley Ave bull pen, with numerous witnesses.  I was approached by Special Deputy Sheriff Luiz Duarte and threathened to drop a claim and investigation I had against him about my stolen ring, that was given to the Sheriff on May 8, 1997. This ring was supposed to be given to my wife, Davida Dunkley.  After Special Deputy Sheriff Duarte made this threaten remark, I said to him, "You better get out of my face."  While this confrontation was going on Correctional Officer Barry was observing the whole incident.  S.D.S. Duarte then reach inside the bull pen with his right hand striking me in the mouth, splitting my lip in two places and snapping my head back, hitting the back of the door.  *It should be noted that S.D.S. Duarte is a register Kick-Boxer and is rank 2nd in the Country.

Correctional Officer Barry, after seeing me get strike by the sheriff came between us and locked the bull pen door.  I then asked Correctional Officer Barry to see the medical and the State Police about my injuries.

Correctional Officer Reveron proceeded to bring me to medical.  At medical, a nurse gave me a ice pack and stopped the bleeding of my lip.  While I was in medical Lt. Lawerence came to medical and tollk pictures of my injuries.

I asked Correctional Officer Reveron to see a Lt. about what just happen.  He brought me to the Lt's office, where Lt. Lawerence, Lt. Lynch and State Police Arroyo and Correctional Officer Reveron were present.

I told State Police Arroyo, I would like to file a complaint against S.D.S. Duarte for assault and he said "I have to wait for an investigation to go through first."

Lt. Lawerence then went to S.D.S. Duarte and told him to file an incident report about the incident.  S.D.S. Duarte then pushed the Lt. and said he's not filing anything.

I was put in C-Unit in Whalley Ave for 7 days, then I was given a ticket by

page two of Errol Dunkley                                          •

Lt. Lawerence, who said the Warden told him to give it to me. I was then brought to segregation, that same day. I stayed in segregation for 5 days, before the ticket was dropped.

I was then put in D-Unit. I was then transferred to Walker in Suffield. I was feeling great pain from the bump in the back of my head. I have also been experiencing headaches, night sweats and neck pains and to this present date, I have not recieved adequate medical attention.

I wrote the Ombudsman in January of 1998. He replied "No action can be taken on his part, for some reason."

I wrote the Commissioner, who is Armstrong in 1998, and my letter was referred to Pam Richards Complex Warden II, she assigned Shoemaker to the case to do some fact finding, as of May 28, 1998, an investigation is still pending.

5, 26, 1998
Date

Errol Dunkley
50 Nunnawauk road
Newtown, Ct 06470

5 - 26 - 98

MARK J. ALDRICH
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2002

A.C. 22049

ERROL DUNKLEY                      :          APPELLATE COURT

V.                                 :          STATE OF CONNECTICUT

COMMISSIONER OF CORRECTION    :       JULY 17, 2001

**STATE OF CONNECTICUT-APPELLEE'S PRELIMINARY
STATEMENT OF ISSUES INTENDED FOR
PRESENTATION ON APPEAL**

Pursuant to Practice Book §63-4(a)(1), the State of Connecticut-appellee intends

to present any or all of the following issues to the extent they are applicable to those issues

raised by the appellant:

1.    **Alternative grounds upon which the judgment may be affirmed:**

a. Whether any seizure of the defendant, if not supported by probable cause, was

supported by suspicion amounting to less than probable cause and was lawful under

applicable state and federal constitutional principles, or was not a seizure at all;

b.  Whether any statements of the defendant, or other evidence, were properly

admitted into evidence because the defendant was lawfully in police custody, on grounds

amounting to less than probable cause, or because the defendant was not in custody at

all;

c. Whether any statements or evidence were admissible under exceptions to the

exclusionary rule including, but not limited to, the doctrines of consent, inevitable discovery,

independent source, plain view, and search incident to arrest;

d. Whether any evidence admitted in error could have been admitted on another,

proper ground;

e. Whether any identification of the defendant, if found to be unnecessarily suggestive, was nonetheless reliable under the circumstances of the case;

f. Whether any search upheld under a "good faith" exception to the exclusionary rule was supported by probable cause under the totality of the circumstances;

g. Any other alternative ground for affirmance of the judgment of conviction which, upon full review of the record and transcript of proceedings is apparent, or which becomes apparent upon any amendment of the defendant's preliminary statement of issues or upon the filing of the defendant's brief.

**2.     Adverse rulings or decisions of the trial court for consideration on appeal in the event that the defendant is awarded a new trial:**

a. Whether suppression of any of the state's evidence was erroneous;

b. Whether any ruling on the admissibility of the state's evidence was erroneous;

c. Any other adverse ruling or decision which, upon full review of the record and transcript of proceedings, should be considered in the event that the defendant is awarded a new trial.

**3.     Claims that a new trial rather than a directed judgment should be ordered if the judgment is reversed:**

a. Whether, if reversible error is found, the defendant is entitled to relief other than a judgment of acquittal, including, but not limited to, a new trial, remand or dismissal;

b. Any remedy which, upon full review of the record and transcript of proceedings is apparent, or which becomes apparent upon the filing of the defendant's brief.

Respectfully submitted,

STATE OF CONNECTICUT-APPELLEE

By:    _____
SUSAN C. MARKS
Supervisory Assistant State's Attorney
Office of the Chief State's Attorney
Appellate Bureau
300 Corporate Place
Rocky Hill, CT  06067
Telephone (860) 258-5807
Facsimile (860) 258-5828
JURIS NO. 401795


## CERTIFICATION

I hereby certify that a copy of this statement was mailed to Errol Dunkley, Pro

Se, Inmate No. 106002, 1153 East Street South, Suffield, CT  06080, on July 17, 2001.

_____
SUSAN C. MARKS
Supervisory Assistant State's Attorney

3