# EXHibits-E

UNITED STATES District Court
District of Connecticut

ERROL I. DUNKLEY

V.

JOHN ARMSTRONG, ET AL

PRISONER
Civil No. 3:01CV2007(CFD)(WIG)

Date Nov. 5, 2002

## MEMORANDUM OF LAW IN OPPOSITION to Defendant's Affirmative DEFENSE DATED October 30, 2002.

The Plaintiff, Errol I. Dunkley, Respectfully submits this MEMORANDUM OF LAW in opposition to DEFENDANT's AFFIRMATIVE DEFENSE DATED October 30, 2002.

### First Affirmative Opposition Answer
### QUALIFIED IMMUNITY

1. When an official claims Qualified Immunity "Sometime known as" Good faith Immunity." The Court must determine whether the Law was clearly established at the time the Defendant committed the allegedly Illegal Act. Harlow v. Fitzgerald, 457 U.S. at 818; Fox v. Coughlin, 893 F.2d 475, 477-78 (2d Cir. 1990. If the Defendant directly violate a Court →

Judgement or order, they have of course violated clearly established Law or court order. Slone v. Herman, 983 F.2d 107, 109-10 (8th Cir. 1993); Cortes-Quinones v. Jiminez-Nettleship, 842 F.2d 556, 561-62 (1st Cir 1988).

2. Qualified Immunity protect officials from Damage Liability in civil rights case. Napolitano v. Flynn, 949 F.2d 617, 621 (2d Cir 1991); unless they violate "clearly established Statutory or constitutional Rights, Judgement, Court order or institutional Policies. of which a reasonable Person would have known, at the time the Act was committed. Harlow v Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). VI 184, 186, 190, 197, 206.

3. In this case the Plaintiff filed Grievances and deliberated the matter with the Honorable Judge Richard M. Rittenband and A.A.G Melchionne of the violation by Rodwell and Remi Acosta. Judge Rittenband then made a Court order to A.A.G Melchionne to call the facility and correct this Problem. Defendants who Acted in violation of prison Policies were not immune): Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991).

## Second Affirmative Answer
### State A Claim

1. A short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(A) Fed. R. Civ. P. The main object of a complain is to state a claim against each Defendants, that mean it should allege facts that, If you can prove them, will establish that that defendant violated your legal rights. the Plaintiff contend on the Amended 42. U.S.C. § 198: Complaint pages three (3) and four (4) List a claims of: Claim one (1) "my Constitutional Rights of Access to court was violated". Claim two (2) " I was deprived of my property without due process of Law". Claim three (3) "the defendant retaliated against me because I filed grievances about the problems with my legal paperwork". Said state of claim are established in the Amended complaint

## Third Affirmative Opposition Answer
### Eleventh Amendment Immunity

1. The eleventh Amendment does not Bar either injunctive or damage suits —

Against individual officials or prison employees. Spicer v. Hilton, 618 F.2d 232, 237. (3d Cir. 1980). Use the majic words "in his/her individual (or personal) capacity" whenever you are suing for damages. Owen v. Lash, 682 F.2d 648, 654-57 (7th Cir. 1982). (damage award against warden in official capacity barred); Jacobson v. Coughlin, 523 F. Supp. 1247, 1248-49 (N.D.N.Y. 1981).

2. Local governments and their agencies are not protected by the Eleventh Amendment Monell v. New York City Dept. 436 U.S. 658, 690 N. 54, 98 S.Ct. 2018 (1978). Schmelz v. Monroe County, 954 F.2d 1540, 1543 (11th Cir. 1992) Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct 3099 (1985). Prison officials may claim that they are protected by the eleventh Amendment, The Supreme Court has rejected this argument. Hafer v. Melo, 112 S.Ct at 363.

## Fourth Affirmative Opposition Answer
### Exhaust Administrative remedies

1. The Plaintiff did not failed to exhaust his Administrative remedies. enclose within the Amended complaint dated —

August 20, 2002, by the plaintiff, was three (3) Grievances which was Denied to the Highest Level, Therefore the Plaintiff has exhaused his Administrativ Remedies, Pursuant to Prison Litigation Reform Act of 1995, Public. L. NO.104-134, 110 Stat. 1321-73(1996).

Errol I. Dunkle
Errol I. Dunkle
Radgowski C.I.
982 Norwich New
London Ct 06382
XM# 106002

## Certification

I hereby certify that a copy hereof was mailed, postage prepaid, on this 5th day of November, 2002 to the following counsel of Record:

Neil Parille, Esq
Assistant Attorney General
110 Sherman Street
Harford, Ct 06105

Errol I. Dunkle
Errol I. Dunkle

# EXHibits=F

CN 9602
6/99

ATTACHMENT B

# CONNECTICUT DEPARTMENT OF CORRECTION

## INMATE REQUEST FORM

Facility/Unit: Enfield C.I.    Date: 08-29-01

Inmate Name: Errol I. Dunkley    Number: 106002

Request: Remi Acosta, It's my job to inform you that property officer Rodwell has stolen some of my property I've done a Grievance about the matter, I will now appraise commissioner of what's going on. Also with my legal materials which I've a court order for this facility to return my legal materals. to no avail Please respond Thank you ED

*(Continue on Back If Necessary)*

Previous Action Taken: _____

*(Continue on Back If Necessary)*

Submitted To: _____    Date Received: 8/30/01

Acted On By: Warden Acosta

Action Taken and/or Response: Be advised that Officer Rodwell performed his job in accordance with Unit Policy. You need to be cooperative with staff.

*(Continue on Back If Necessary)*

Date of Response to Inmate: 9/7/01

Signature of Staff Member: Remi Acosta

RECEIVED
AUG 3 0 2001
CCI ENFIELD
WARDEN'S OFFICE

```
RTIF                    DEPARTMENT OF CORRECTION              DATE: 08/26/2003
                   DISPLAY INMATE TRANSFER HISTORY             TIME: 12:18

INMATE NUMBER 00106002      COMMITMENT NAME DUNKLEY,ERROL
FROM FACILITY ENFIELD CCI       TO FACILITY ROBINSON CI      ADC CODE A
XFR TYPE REGULAR        XFR REASON POPULATION
AUTH. REQUESTOR CODE RINALDI,MONI          REQUEST RECD 08/28/2001
DECISION DATE 08/29/2001  DENY/CONT REASON APPROVED POPULATION EVENING
DETAILED POPMGT REASON


REQ FAC (1) 003 NOT FOUND    (2) 003 NOT FOUND    (3) 003 NOT FOUND
CURRENT OFFENSE 53A008  CRIMINAL LIABILITY  FOR ANOTHER PERSON
SENTENCE        Y       M       D           EST.REL.DATE 06/28/2008
DETAILED REASON SWAP WITH INMATE AT CRCI



SPECIAL MGT
MED 2 MH 1 SEX 1 ADCT 2 EDUC 3 VOC 3 RESIDENCE 3 122
ESC 1 SEV 4 VH 2 LOC 4 DET 2 DIS 1 SRG 1 OVRL 3

F1 - PREV SCRN     F2 - MAIN MENU     F7 - SBCK     F8 - SFWD     CLEAR - EXIT
```

Date: 8/26/ 3 Time: 12:19:10 PM

# Restrictive Housing Unit Status Order
## Connecticut Department of Correction

CN 9401
Attachment C, page
Rev. 9-8-95

| Facility | Enfield CCI | | |
|---|---|---|---|
| Inmate name | DUNKLEY, ERROL | Inmate number | 106002 |

### SECTION 1: STATUS

Placement in restrictive housing unit. (Check and date the appropriate description.)

| | Transfer detention | Date | | Administrative segregation | Date |
|---|---|---|---|---|---|
| X | Administrative detention | Date 8/10/01 | | Punitive segregation | Date |

| | Administrative segregation transition | Date |
|---|---|---|
| | Close custody, chronic discipline | Date |
| | Close custody, security risk group safety threat member | Date |

### SECTION 2: REASON FOR PLACEMENT

The inmates's/my continued presence in the general population poses a serious threat to the life, property, self, other inmates, and/or the security of the institution because:

INMATE DUNKLEY# 106002 WAS REMOVED FROM GENERAL POPULATION AND PLACED INTO RHU PENDING AN INVESTIGATION FOR A POSSIBLE ALTERCATION.

| Signature of supervisor | Capt Newell | | | | Date | 8/10/01 |
|---|---|---|---|---|---|---|
| Inmate given copy of this form | Time 1600 | | a.m. | X p.m. | Date | 8/10/01 |

```
RTIF                    DEPARTMENT OF CORRECTION            DATE: 08/26/2003
                    DISPLAY INMATE TRANSFER HISTORY         TIME: 12:41
-------------------------------------------------------------------------------
INMATE NUMBER 00106002    COMMITMENT NAME DUNKLEY,ERROL
FROM FACILITY ROBINSON CI     TO FACILITY CORR/RAD CC     ADC CODE A
XFR TYPE PRIORITY      XFR REASON SEPARATION FROM STAFF
AUTH. REQUESTOR CODE OUELLETTE, P      REQUEST RECD 02/08/2002
DECISION DATE 02/08/2002  DENY/CONT REASON APPROVED POPULATION EVENING
DETAILED POPMGT REASON


REQ FAC (1) 003 NOT FOUND    (2)                  (3)
CURRENT OFFENSE 53A008  CRIMINAL LIABILITY  FOR ANOTHER PERSON
SENTENCE      Y     M     D              EST.REL.DATE 06/25/2008
DETAILED REASON ISSUES WITH STAFF.  NO PROFILE NEEDED.  SEVERAL HOUSING CHAN
GES HAVE NOT RESOLVED THE SITUATION.  PER DISCUSSION WITH  MAJOR SIEMINSKI AND
POPULATION MANAGEMENT.

SPECIAL MGT
MED 2 MH 1 SEX 1 ADCT 2 EDUC 3 VOC 3 RESIDENCE 3 122
ESC 1 SEV 4 VH 2 LOC 4 DET 2 DIS 1 SRG 1 OVRL 3
-------------------------------------------------------------------------------
F1 - PREV SCRN     F2 - MAIN MENU     F7 - SBCK     F8 - SFWD     CLEAR - EXIT
```

Date: 8/26/ 3 Time: 12:42:49 PM



# Restrictive Housing Unit Status Order

CN 9401
Attachment C, page 2
Rev. 5-2-94

## Connecticut Department of Correction

### SECTION 3: REVIEW (Administrative detention only)

Continued placement reason:

| 72-hour review signature | Title | Date |
|---|---|---|
| | | |

Continued placement reason:

| 5-day review signature | Title | Date |
|---|---|---|
| | | |

Continued placement reason:

| 9-day review signature | Title | Date |
|---|---|---|
| | | |

Continued placement reason:

| 12-day review signature | Title | Date |
|---|---|---|
| | | |

### SECTION 4: RELEASE

8-14-01: Subject Released to population F-33

Signature of releasing authority*  C. [signature]    Date 8-14-01

*If the releasing authority is higher than the unit administrator, the unit administrator shall sign and so indicate under the reason for the release.

Distribution:   Original - Warden (inmate file on completion)
First copy - Inmate (initial placement only)

# EXHibits: G

**DAVID B. ROZWASKI, ESQ.**
**187 CLARK STREET**
**MILFORD, CT  06460**
PH. (203)-876-1276    FAX: (203)-878-3369
Email: dbphroz@aol.com

March 11, 2003

Errol Dunkley
Inmate No.: 106002
Radgowski CCI
982 Norwich-New London Tpke.
Uncasville, CT 06382

**Re:    Appeal: Dunkley v. Commissioner : AC# 21629**

Dear Mr. Dunkley:

    I hope you are doing well. I have not yet heard anything from the court regarding the petition for review. Once I do hear from them I will let you know. I have obtained a copy of Volume 13 of the Connecticut General Statutes. It is enclosed for your benefit. I hope you will find it useful.

    Please contact me should you have any questions.

                              Sincerely,

                              David B. Rozwaski

DBR:phr

Encls.

Dunkley.L00